NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSEPH F. CAMPBELL, | : | Civil No. 02-1673 (DMC) |
| Petitioner, | : | |
| v. | : | O P I N I O N |
| STATE OF NEW JERSEY, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

    JOSEPH F. CAMPBELLL, #313837 SBI 682080, Petitioner Pro Se
    South Woods State Prison
    215 Burlington Road South
    Bridgeton, New Jersey  08302

    LORNA DAFNA BENDER GLICK, Deputy Attorney General
    OFFICE OF THE NEW JERSEY ATTORNEY GENERAL
    Division of Criminal Justice
    Richard Hughes Justice Complex
    P.O. Box 086
    Trenton, New Jersey 08625-0086
    Attorneys for Respondents

**CAVANAUGH, DISTRICT JUDGE**

    Joseph F. Campbell ("Campbell"), who is confined at South Woods State Prison in Bridgeton, New Jersey, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a), raising a number of grounds for relief.  The State filed an Answer opposing the Petition, accompanied by relevant portions of the State court proceedings.  For the reasons expressed

below, the Court will deny habeas relief, dismiss the Petition and decline to issue a certificate of appealability. See 28 U.S.C. §§ 2254 (a) and (d); 2253 (c) (2).

## I. BACKGROUND

On August 10, 1999, after a jury trial, Petitioner was convicted of first degree aggravated assault in violation of N.J.S.A. 2C:14-2a (Count 1), Second Degree Sexual Assault in violation of N.J.S.A. 2C:14-2b (Count 2), and third degree endangering the welfare of a child in violation of N.J.S.A. 2C:24-4a. (Petition., Para. 1-4; Answer, Ex. 4.) Petitioner was sentenced to flat terms of 15 years imprisonment on Count 1, 7 years on Count 2, and 4 years on Count 3. (Ans., Ex 4.) The sentences on Counts 1 and 2 were consecutive, that on Count 3 concurrent to Counts 1 and 2. (Id.) After raising several claims on direct appeal, Petitioner timely filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In its Answer, the State opposes the Petition on its merits.

## II. FACTS

Federal courts in habeas corpus cases are required to give deference to the factual findings of both the state trial and appellate courts. Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996) (citing Sumner v. Mata, 449 U.S. 539, 546 (1981) (section 2254 makes no distinction between the factual determinations of a state trial court and those of a state appellate court)). See also 28

U.S.C. § 2254 (e)(1).[1]  The factual recital is taken from the New Jersey Appellate Division Opinion in this case:

> The victim, Valerie C., was five years old at the time of the assaults. [On March 25, 1997], defendant, his daughter Cindy, and Cindy's daughter joined Gail S., the victom's mother, and Valerie C. for a shopping expedition. The families were very close...Valerie referred to the defendant as "Pops" ...
>
> After lunch, the two families returned to Gail's house. Defendant went downstairs to watch television. Soon thereafter, Valerie joined him. A few minutes later, Gail also went downstairs. From ten feet away, she was able to see defendant standing over Valerie with his arms down as Valerie was slouched on the couch. A rocking chair blocked Gail's view of Defendant's hands, but she could see her daughter's legs from the knees down hanging off the end of the couch. When defendant noticed that Valerie saw her mother he "jerked around and sat down real quick" on the end of the couch. Gail's stomach just turned. I just had a gut feeling that something had happened because of the expression on [Valerie's] face. She had a horrible look on her face...When Gail went over and asked what they were doing, defendant replied that it was cold downstairs. Valerie, however, was fully clothed and wore long pants and socks. Gail sent Valerie upstairs and Gail followed her. [Defendant's daughter later told Gail that she had asked her father about the incident, and he had said that he was just checking Valerie's feet; in view of defendant's behavior, Gail found this explanation suspicious. The following morning, she asked Valerie what they had been doing, and after some hesitation, Valerie replied] that defendant was "touching her pee pee." She asked Valerie if defendant had ever showed her his private parts, and Valerie said "no." Valerie said defendant had previously touched her at defendant's old home in Edison, his new home in Jackson, and in Valerie's home in Edison.
>
> Gail immediately called the Division of Youth and Family Services (DYFS), and spoke to a DYFS worker who in turn notified the county prosecutor's office... [Opinion of the New Jersey Appellate Division's decision in State v. Campbell, A-1239-99T4 (Ans., Ex 4., pp.2-4.)]

---

[1] Section 2254 (e)(1) provides: In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

### III. DISCUSSION

<u>Standards Governing Petitioner's Claims</u>

Section 2254(a) grants federal district courts subject matter jurisdiction to entertain a claim that a state prisoner is in custody in violation of the federal constitution or federal law or treaties. Section 2254(a) provides, in pertinent part:

> . . . a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

A habeas corpus petition must "specify all the grounds for relief," and set forth in summary form "the facts supporting each of the grounds thus specified." <u>See</u> Rule 2 (c) of the Rules Governing Section 2254 Cases in District Courts. Petitioner has the burden of establishing each claim in the Petition. <u>See</u> <u>United States v. Abbott</u>, 975 F. Supp. 703, 705 (E.D. Pa. 1997).

Under 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), federal courts in habeas corpus cases must give deference to determinations of the state courts. <u>Duncan v. Morton</u>, 256 F.3d 189, 196 (3d Cir.), <u>cert. denied</u>, 534 U.S. 919 (2001); <u>Dickerson v. Vaughn</u>, 90 F.3d 87, 90 (3d Cir. 1996) (citing <u>Parke v. Raley</u>, 506 U.S. 20, 36 (1992)). Habeas corpus relief must be denied as to

> any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding [28 U.S.C. § 2254 (d) (1)].

4

The Supreme Court interpreted this standard in <u>Williams v. Taylor</u>, 529 U.S. 362 (2000), explaining that

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. [529 U.S. at 412-13]

See also <u>Marshall v. Hendricks</u>, 307 F.3d 36, 51 (3d Cir. 2002), <u>cert. denied</u>, 538 U.S. 911 (2003.). Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable. <u>Williams</u>, 529 U.S. at 409-10. In addition, "in certain cases it may be appropriate to consider the decisions of inferior federal courts as helpful amplifications of Supreme Court precedent." <u>Matteo v. Superintendent, SCI Albion</u>, 171 F.3d 877, 890 (3d Cir.), <u>cert. denied</u>, 524 U.S. 824 (1999). Finally, in considering claims raised in a habeas petition, federal courts "must presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary." <u>Stevens v. Delaware Correctional Center</u>, 295 F.3d 361, 368 (3d Cir. 2002). See also <u>Duncan v. Morton</u>, 256 F.3d 189, 196 (3d Cir.), <u>cert. denied</u>, 534 U.S. 919 (2001) (federal court must ". . . afford state courts' factual findings a presumption of correctness, which the petitioner can overcome only by clear and convincing evidence.").

The United States Supreme Court also has emphasized that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions" because,

"[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); accord Engle v. Isaac, 456 U.S. 107, 119-20 (1982); Barry v. Bergen County Probation Dep't, 128 F.3d 152, 159 (3d Cir. 1997), cert. denied, 522 U.S. 1136 (1998). "[M]ere errors of state law are not the concern of [the federal] Court, unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution." Wainwright v. Goode, 464 U.S. 78, 86 (1983) (quoting Gryger v. Burke, 334 U.S. 728, 731 (1948)); see also Johnson v. Rosemeyer, 117 F.3d 104, 109 (3d Cir. 1997); United States ex rel. Jacques v. Hilton, 423 F. Supp. 895, 899-900 (D.N.J. 1976). "[I]t is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citations and internal quotation marks omitted), cert. denied sub nom. Dist. Attorney of Bucks County v. Smith, 522 U.S. 1109 (1998); see also Wainright v. Sykes, 433 U.S. 72, 81 (1977) (questions of state substantive law are not federal claims); Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

A federal district court may not convert a ground asserting a violation of state law into a ground asserting a violation of the federal constitution.[2] Nor may the court address a constitutional claim that is apparent from the facts of the case, but is not set forth on the face of

---

[2] See Engle v. Issac, 456 U.S. 107, 119-20 & n.19 (1982) (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights, and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

the petition as a ground for relief.[3] A federal district court must dismiss a habeas corpus petition, summarily or otherwise, if it appears from the face of the petition that petitioner does not claim a constitutional violation. Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); Rule 4 of the Rules Governing Section 2254 Cases.[4] "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982); see also James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 9.1 (3d ed. 1998).

Claims Asserted in the Petition

A.    Petitioner claims that the investigator from the Middlesex County prosecutor's office "coerced the victim into saying what he wanted," by saying to her "you don't want your mommy to spank you, do you?" Petitioner also states that "He constantly lead th victim into saying the

---

[3] See Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir.), cert. denied, 528 U.S. 911 (1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, the district court may not consider ground, evident from the facts but not raised in the petition, that counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

[4] Rule 4(c) provides: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." The Advisory Committee Notes to Rule 4 emphasize that "'notice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" (citing Aubut v. Maine, 431 F.2d 688, 689 (1st Cir. 1970)).

answers he wanted, which, in turn, led to [a] wrongful indictment." (Pet., p.5 Ground One.) The investigator made a videotape of Valerie's statement, later viewed by the trial judge and admitted at trial under an exception to the hearsay rule. See N.J. Rules of Evidence, R.803 (c) (27).

Federal courts reviewing habeas claims cannot "reexamine state court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Priester v. Vaughn, 382 F.3d 394, 402 (3d Cir. 2004) (citing Estelle). Inquiry as to whether this evidence was correctly admitted under New Jersey law plays "no part [in] a federal court's habeas review of a state conviction." Estelle, 502 U.S. at 67. Because it is "not the province of a federal habeas court to reexamine state-court determinations on state-law questions," this court's inquiry is "limited to deciding whether [petitioner's] conviction violated the Constitution, laws, or treaties of the United States." Id. at 68; see also Wells v. Pestock, 941 F.2d 253, 256 (3d Cir.1991) ("Our review of a federal habeas corpus petition is limited to remedying deprivations of a petitioner's federal constitutional rights. We can take no cognizance of non-constitutional harm to the defendant flowing from a state's violation of its own procedural rule, even if that rule is intended as a guide to implement a federal constitutional guarantee.").

Applying these principles to the facts of the instant case, a review of the New Jersey Appellate Division's decision in State v. Campbell, A-1239-99T4 (Ans., Ex 4.) shows that the Court found no error had been committed in admitting this evidence under state law. Given this determination, a federal habeas court may only consider whether the admitted evidence was so prejudicial as to violate due process and the right to a fair trial. See Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974) (generalized arguments of denial of due process as opposed to specific guarantees under the Bill of Rights were advanced; relief can be granted only if the trial is so

infected with unfairness as to make the conviction a denial of due process); Windham v. Markle, 163 F.3d 1092, 1103 (9th Cir. 1998). Petitioner must show that there are no permissible inferences that the jury could have drawn from the admission of the evidence. See Jamal v. Van DeKamp, 926 F.2d 918, 920 (9th Cir. 1991). The evidence must "be of such quality as necessarily to prevent a fair trial." Kealohapauole v. Shimoda, 800 F.2d 1463, 1465 (9th Cir. 1986), cert. denied, 479 U.S. 1068 (1987). As Petitioner has failed to make the necessary showing, as review of the record fails to support his Due Process claim, and as this Court does not sit to review state law evidentiary decisions in a habeas corpus action, the Court will deny relief on this claim.

B.   Petitioner next asserts that his right to a fair trial was violated because the trial judge granted a recess of 1 ½ hours, during which the victim's mother was able to coach the victim, who was testifying at the time "on what the appropriate answers should be." (Pet. Ground Two.) This claim appears to be unexhausted; however, 28 U.S.C. § 2254 (b) (2) provides that "an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state." Section (b)(2) may only be invoked if it is perfectly clear that a Petitioner fails to raise even a colorable federal claim." See Lambert v. Blackwell, 134 F.3d 506, 514-15 (3d Cir. 1997). Petitioner presents nothing more than bald assertions on this claim, with no factual development; moreover, a review of the record indicates that these issues were addressed by the trial court (indeed, the record indicates that the "recess" complained of was no longer than five minutes and contained safeguards against coaching requested by Defense counsel, after which both direct and cross-examination were conducted, the victim's testimony was concluded, and a lunch break of one hour occurred.

(Answer, Ex Re10, Stenographic Transcript of Trial Proceedings; State v. Campbell, March 16, 1999).

> THE COURT: Because it is a delicate situation with respect to the age of this witness who is, obviously, upset and since the defense will have the opportunity to protect its position in terms of the, in terms of what is feared could happen during a recess to allow the child to speak and be calmed by its mother, I don't think it would be inappropriate to allow a short recess. Again, it would be appropriate that your concerns wold be addressed by cross-examination. If your concern is that there would be some sort of coaching going on and the prosecutor has indictated that this recess is merely to calm the child down so that the child may continue with her testimony, if she's able to, and tat's the only purpose.
>
> MS. CARTER: Yes, it is.
>
> MS. LARSON: I would make two requests, then. One, that there is a young female intern in our office, if she could observe from a distance.
>
> THE COURT : I think that's an appropriate safeguard. I will allow that to happen.
>
> MS. LARSON : Number two, when the mother and the child came in here, she made a great display of hiding the child's face which is extremely prejudicial to my client. If there's a way of bringing er in; if she doesn't want the child to look at him, the child could be seated, he can leave the courtroom, of course, that would mean having the jury go out, I don't know how you want to do that, but I was appalled at the display that went on.
>
> THE COURT : Perhaps the Prosecutor can bring her up the next time she comes back after recess, okay?
>
> MS. LARSON : Thank you.
>
> (Discussion at sidebar concluded).
>
> THE COURT : Okay, ladies and gentlemen, I'm going to ask you yo go back into the jury room for a few moments. We are going to take a short recess and we are going to reconvene in just five minutes, so I'd ask you to please follow the sheriff's officers and I'll bring you back in shortly.
>
> (Jury excused).

> [Answer, Ex. Ex Re10, Stenographic Transcript of Trial Proceedings;
> State v. Campbell, March 16, 1999), pp. 6-8; p.36 (recess ordered after
> direct and cross-examination.)]

Petitioner has failed to meet his burden of showing that he was deprived of a right which he enjoyed under the Constitution, laws, or treaties of the United States; See Donnelly v. DeChristoforo, supra; see also Johnson v. Rosenmeyer, 117 F.3d 104,110 (3d Cir. 1997) (errors of state law can not be repackaged as federal errors simply by citing the Due Process clause). The Court will deny relief and dismiss this claim.

C.  Petitioner also claims that a violation of his due process rights occurred when his attorney allegedly was prevented by the trial court's restriction of inquiry into the victims sources of sexual knowledge. (Pet., Ground Three.) This issue was addressed by the New Jersey Appellate Division, which concluded that "our review of the evidence demonstrates otherwise." (Answer, Ex. Ex Re 4, Opinion of the New Jersey Appellate Division in State v.Campbell, A 1239-9T4, May 29, 2001). As the Appellate Division observed:

> ...defendant was able to elicit testimony from his
> daughter that Gail had accused Cindy's son of improper
> sexual activity towards Valerie. This testimony was relevant
> not only to the issue of the child's prior knowledge of sexual
> activity but also directly relevant to the credibility of mother
> and daughter. Furthermore, defense counsel was able to
> question the child about sexual activity between adults
> That she may have seen on television and in the movies.ty
> Thus, the record belies defendant's contention that the trial
> Judge thwarted his ability to explore the victim's prior knowledge
> of sexual activity. [Opinion of the New Jersey Appellate Division in
> State v. Campbell, A-1239-99T4 (Ans., Ex 4., p.12.)]

Thus, the New Jersey Appellate Division found that no error had been committed under state law. Given this determination, a federal habeas court may only consider whether the trial court's ruling was so prejudicial as to violate due process and the right to a fair trial. See Windham v. Markle, supra; Jamal v. Van DeKamp, supra; Kealohapauole v. Shimoda, supra. As Petitioner has not made an adequate showing to support his Due Process claim. See United States v. Agurs, 427 U.S. 97, 108 (1976) (Petitioner must show that evidentiary error was so pervasive as to have denied him a fundamentally fair trial); Donnelly v. DeChristoforo, supra.; Johnson v. Rosenmeyer, supra. Moreover, as previously mentioned, this Court does not sit to review state law evidentiary decisions in a habeas corpus action. See Estelle, supra at 67-68. The Court will deny relief on this claim.

D.   As an alternative to claim C above, Petitioner raises the claim that the restriction of his attorney's ability to cross-examine the victim about her sources of sexual knowledge violated his Confrontation Clause right. As the New Jersey Appellate Division observed when review Petitioner's due process claim (see "C" above), "... the record belies defendant's contention that the trial judge thwarted his ability to explore the victim's prior knowledge of sexual activity." (Opinion of the New Jersey Appellate Division's decision in State v. Campbell, A-1239-99T4 (Ans., Ex 4., p.12.)). Petitioner has not demonstrated that the trial court's alleged error (if any) "deprived him of a right which he enjoyed under the Constitution, laws, or treaties of the United States." Johnson v. Rosemeyer, supra. at 110. The Court also will deny relief on this claim.

E.  Petitioner also claims that his right to due process was violated by admission into evidence of a redacted version of a statement he gave to the police. (Ans., p.18.) As the New Jersey Appellate Division observed:

> Here, the trial judge redacted a reference to a polygraph, reference to the unsubstantiated prior sexual behavior of defendant's grandson towards the victim, and remarks probative of a lack of motive. Defendant concurs that the polygraph reference was properly redacted. The other two references were also properly excised. The reference to the possible misbehavior of his grandson was inadmissible hearsay. Furthermore, the trial judge was properly concerned that the lack of motive remark may have created a jury expectation that defendant must establish lack of motive. We perceive no legal error or improper exercise of the discretion reposed by the trial judge Regarding the admission of this evidence. [Opinion of the New Jersey Appellate Division in State v. Campbell, A-1239-99T4 (Ans., Ex 4., p.15.)]

As previously mentioned, inquiry as to whether this evidence was correctly admitted under New Jersey law plays "no part [in] a federal court's habeas review of a state conviction." Estelle, 502 U.S. at 67; see also Wells v. Pestock, supra. Petitioner also has totally failed to demonstrate a due process violation or violation of any other federal right. See Donnelly v. DeChristoforo, supra.; Johnson v. Rosenmeyer, supra. The Court also will deny relief on this claim.

F.  Petitioner also appears to claim that his right to due process was violated when the victim's mother testified that she had a "gut feeling" that Petitioner had touched her daughter when she found Petitioner slouching over her. (Opinion of the New Jersey Appellate Division in State v. Campbell, A-1239-99T4 (Ans., Ex 4., p.2-4.)). The Appellate Division found no error (Id. at p. 16.). In addition, Petitioner also has totally failed to demonstrate a due process violation

or violation of any other federal right. See Donnelly v. DeChristoforo, supra.; Johnson v. Rosenmeyer, supra. The Court also will deny relief on this claim.[5]

Certificate of Appealability

Because Campbell has not made a substantial showing of the denial of a constitutional right, no certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c). See Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

### III. CONCLUSION

Based upon the foregoing discussion, the Court will deny habeas relief, dismiss the Petition and decline to issue a certificate of appealability. See 28 U.S.C. §§ 2254 (a) and (d); 2253 (c) (2).

An appropriate Order accompanies this Opinion.

*[signature]*
DENNIS M. CAVANAUGH
UNITED STATES DISTRICT JUDGE

DATED Oct 12 , 2005

---

[5] Alternatively, this Court also cannot conclude that the state appellate court's determination of issues A, C, D, E, and F. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Williams v. Taylor, supra.